Steven R. AMBLER, Appellant

v.

STATE of Missouri, Respondent.

No. WD 66979.

Missouri Court of Appeals,
Western District.

Aug. 14, 2007.

Susan L. Hogan, Kansas City, Mo, for Appellant.

Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before HOLLIGER, P.J.,
LOWENSTEIN, SMART, JJ.

### *ORDER*

PER CURIAM.

Steven Ambler appeals the denial of his Rule 24.035 motion after an evidentiary hearing. Ambler pled guilty to one count of sodomy, three counts of sexual abuse in the first degree, and one count of assault in the third degree. Ambler claimed his plea counsel was ineffective for failing to investigate his work history. As Ambler failed to meet his burden of proof on his claims, the motion court did not clearly err in denying Ambler's motion seeking post-conviction relief. Judgment affirmed. Rule 84.16(b).

Clarence A. BELL, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. WD 67060.

Missouri Court of Appeals,
Western District.

Aug. 14, 2007.

Kenton M. Hall, Kansas City, MO, for Appellant.

Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before HOLLIGER, P.J.,
LOWENSTEIN and SMART, JJ.

### *ORDER*

PER CURIAM.

Clarence Bell appeals the denial of his Rule 29.15 motion after an evidentiary hearing. Bell was convicted of one count of delivery of a controlled substance pursuant to Section 195.211.[1] Bell claims that motion court erred in finding that his trial counsel's failure to call a witness to impeach the testimony of a State's witness did not constitute ineffective assistance of counsel. Upon review of the record, this court finds that Bell's claim is unavailing and the trial court did not clearly err in denying the Rule 29.15 motion after the evidentiary hearing. Judgment affirmed. Rule 84.16(b).

---

1. All statutory references are to RSMo (2000).